UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No. _____
)
) NOTICE OF MOTION FOR RELIEF
) FROM (Check all that apply):
) AUTOMATIC STAY IN A **CHAPTER 7/13** CASE
Debtor(s) ) CHAPTER **13** CODEBTOR STAY

I. YOU ARE NOTIFIED that a Motion was filed by _____, the moving party, for (Check all that apply):

☐ Relief from the automatic stay protecting the debtor(s) and debtor's property, as provided by 11 USC §362.

☐ Relief from the stay protecting the codebtor, whose name and service address are: _____
_____,
and codebtor's property as provided by 11 USC §1301.

II. A copy of the Motion is attached. The name and service address of the moving party's attorney (or moving party, if no attorney) are:_____
_____

III. If you wish to resist the Motion, you must, within 14 days of the service date shown below, file the following with the Clerk of the U.S. Bankruptcy Court [NOTE: if you mail or have a courier deliver the Response to the Court for filing, you must mail it or initiate the delivery sufficiently before the deadline so that it will actually be received at the Court on time.]

A. A written response that states the facts supporting the opposition to the Motion by filling in the applicable "Response" portions on a copy of the original Motion. [NOTE: If the Response will be electronically filed, the Response must be prepared using the "fillable" pdf version of the original Motion unless the Motion was filed on paper and could not be electronically obtained from the movant];

And B. A fully completed Notice of Hearing using Local Form #721, including the date and time of the hearing. Available hearing dates and times are posted on the Court's website at www.orb.uscourts.gov under the "Hearings" heading. If you do not have internet access, please call the Court at (503) 326-1500 or (541) 431-4000 and press "0" to obtain the required forms and hearing information from a Court clerk.

IV. <u>Failure to Respond and Serve Proper Notice of Hearing</u>. If you fail to file a timely response and a proper Notice of Hearing, then either:

A. The automatic stay will expire as to the debtor(s) pursuant to 11 USC §362(e) 30 days after the Motion was originally filed, and/or the stay protecting the codebtor will automatically expire pursuant to 11 USC §1301(d) 20 days after the date the Motion was originally filed;

Or B. The Court may sign an ex parte order, submitted by the moving party on Local Form #720.90, granting relief from the debtor stay and/or codebtor stay.

Clerk, U.S. Bankruptcy Court
[NOTE: If the 5-digit portion of the Case No. begins with "3" or "4", mail to 1001 SW 5th Ave. #700, Portland OR 97204; OR if it begins with "6" or "7", mail to 405 E 8th Ave #2600, Eugene OR 97401.]

I certify that: (1) The Motion was prepared using the Court's "fillable" PDF version of Local Form #720.80; and (2) that on _____ I served copies of this Notice and the Motion on the Debtor(s), any codebtor at the address listed above, Trustee, U.S. Trustee, members of any committee elected pursuant to 11 USC §705, and their respective attorneys.

_____
Signature of Moving Party or Attorney **(OSB#)**

720 (12/1/13)

Case 15-35690-rld13    Doc 31    Filed 02/26/16

UNITED STATES BANKRUPTCY COURT
DISTRICT OF OREGON

In re ) Case No._____
 )
 ) (CHECK ALL APPLICABLE BOXES)
 ) Ch. 7/13 Motion for Relief from
 )    ☐ DEBTOR   ☐ Chapter **13** CODEBTOR Stay
 ) Filed by Creditor:
 ) _____
 ) *Response to Stay Motion filed by Respondent:*
Debtor(s) ) _____

1. **Debt, Default, Other Encumbrances, Description and Value of Collateral** *(To be completed by creditor)*

    a. Description of collateral (car model, year, VIN, property address):

    b. Amount of debt: $_____ consisting of principal: $_____; interest: $_____; other:

    c. Description, amount and priority of other encumbrances on collateral. If not known, include applicable information from debtor's schedules if available on PACER:

    Total debt secured by collateral (total 1.b. + 1.c.): $_____.

    d. Value of collateral: $_____.
       Equity in collateral: $_____, after deducting $_____ liquidation costs.

    e. Current monthly payment: $_____.

    f. If Chapter 13:

        (1) $_____ postpetition default consisting of (e.g., $____ payments, $____ late charges, $____ fees):

        (2) $_____ prepetition default consisting of ☐ amounts specified in proof of claim, or, ☐ consisting of:

    g. If Chapter 7, total amount of default $_____.

*RESPONSE (Identify specific items disputed and specify what you contend are the pertinent facts including why there is a postpetition default, if applicable) (to be completed by respondent):*

Case 15-35690-rld13    Doc 31    Filed 02/26/16

2. **Relief from stay should be granted because (check all that apply):** *(To be completed by creditor)*
   Lack of adequate protection because of failure to make sufficient adequate protection payments and lack of a sufficient equity cushion.
   Lack of insurance on collateral.
   No equity in the collateral and the property is not necessary for an effective reorganization.
   Failure of debtor to make Chapter 13 plan payments.
   Failure of debtor to make payments to secured creditor required by ¶4 of Chapter 13 plan.
   Other (describe):

*RESPONSE (Specify why relief from stay should be denied. If respondent proposes to cure a postpetition default, detail the cure by attaching a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Forms/Local Forms) (to be completed by respondent):*

3. **Background** *(To be completed by creditor)*

   a. Date petition filed: _____  Current Chapter: ____ (7 or 13)
      If 13, current plan date _____  Confirmed:  Yes  No
      If 13, treatment of creditor's prepetition claim(s) in plan:

      If 7, debtor  has   has not stated on Local Form (LBF) #521 or #521.05 that debtor intends to surrender the collateral.

   b. Creditor has a lien on the collateral by virtue of (check all applicable sections and also see ¶6 below):
      Security agreement, trust deed or land sale contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected as required by applicable law on _____.
      Retail installment contract dated _____, and, if applicable, an assignment of said interest to creditor. The security interest was perfected on the certificate of title on _____.
      Other (describe):

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*

4. **Request for Relief from Codebtor Stay** (Only Chapter **13**)

   a. _____, whose address is _____
      _____, is a codebtor on the obligation described above, but is not a debtor in this bankruptcy.

   b. Creditor should be granted relief from the codebtor stay because (check all applicable boxes):   codebtor received the consideration for the claim held by creditor,   debtor's plan does not propose to pay creditor's claim in full,   creditor's interest would be irreparably harmed by continuation of the codebtor stay as a result of the default(s) described above and/or   because:

*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*




5. **Other Pertinent Information** *(To be completed by creditor, if applicable):*







*RESPONSE (Identify any disputed items and specify the pertinent facts) (to be completed by respondent):*




6. **Relief Requested (check all applicable sections):** *(To be completed by creditor)*

   Creditor requests relief from the automatic stay to allow it to foreclose its lien on the above identified collateral, and, if necessary, to take appropriate action to obtain possession of the collateral.

   Creditor has a security interest in real property and requests relief from stay with respect to an act against such property and that the relief be binding in any other bankruptcy case purporting to affect such real property filed not later than 2 years after the date of the entry of an order granting this motion. (*If you check this box, you must complete ¶5 above to support this request. If you do not do so, the Court will not grant relief binding in any other bankruptcy case.*)

   Creditor requests that the 14-day stay provided by FRBP 4001(a)(3) be waived based on the following cause:

   Other (describe and explain cause):




*RESPONSE (Identify any disputed items and specify the pertinent facts. If respondent agrees to some relief, attach a proposed order using Local Form (LBF) #720.90 available at www.orb.uscourts.gov under Forms/Local Forms) (to be completed by respondent):*

7. **Documents:**

   **If creditor claims to be secured in ¶3.b. above** creditor has attached to and filed with this motion a copy of the documents creating and perfecting the security interest, if not previously attached to a proof of claim.

   **If this case is a Chapter 13 case and the collateral as to which creditor seeks stay relief is real property**, creditor has attached to and filed with this motion a postpetition payment history current to a date not more than 30 days before this motion is filed, showing for each payment the amount due, the date the payment was received, the amount of the payment, and how creditor applied the payment.

**RESPONDENT requests creditor provide** Respondent with the following document(s), if any marked, which are pertinent to this response:

   Postpetition payment history if not required above.
   Documents establishing that creditor owns the debt described in ¶1 or is otherwise a proper party to bring this motion.
   Other document(s) (specific description):

CREDITOR/ATTORNEY

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **DEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

RESPONDENT **CODEBTOR**/ATTORNEY *(by signing, the respondent also certifies that [s]he has not altered the information completed by creditor)*

Signature:_____
Name:_____
Address:_____
_____
Email Address:_____
Phone No:_____
OSB#:_____

*YOU ARE HEREBY NOTIFIED THAT THE CREDITOR IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.*

COLIN G. ANDRIES, OSB NO. 051892
colin@slindenelson.com
SLINDE NELSON STANFORD
111 SW Fifth Avenue, Suite 1940
Portland, OR 97204
Telephone: (503) 417-7777
Fax: (503) 417-4250
*Attorneys for Creditor Luci Corporation*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

*In re,*

Chadwick Rayon,

            Debtors.

Case No. 15-35690-rld13

**STIPULATED MOTION FOR RELIEF FROM AUTOMATIC STAY (LUCI CORPORATION)**

    Pursuant to 11 U.S.C. § 362 and Bankruptcy Rule 4001, Luci Corporation ("Luci") respectfully requests relief from the automatic stay of Section 362 as to the Debtor and the Debtor's property only for the purposes and with the limitations stated herein.

    Luci has conferred with Debtor by telephone and the parties have agreed to stipulate to entry of an order granting relief from the automatic stay with the limitations provided below.

    Luci is a real estate developer that acquired the property located at 2213 SE 52nd Avenue, Portland, OR (the "Property") in September 2014. A few days after acquiring the Property, Luci executed a bid from Debtor and Debtor's solely owned company, From Start to Finish Construction LLC, to hire Debtor to perform renovations on the Property.

    During Debtor's performance of the contract, Debtor, and Debtor's company, breached their duty to Luci in a variety of ways, including but not limited to:

a) Failing to properly cover the Property to protect it against weather intrusion;
b) Allowing moisture accumulation inside the Property;

Page 1 -  STIPULATED MOTION FOR RELIEF FROM AUTOMATIC STAY (LUCI CORPORATION)

c) Neglecting the Property during adverse weather conditions;
d) Improperly pouring the basement footing prior to inspection;
e) Failing to properly align floor lines; and
f) Improper construction of stair framing.

As a result of the above actions, Luci has asserted claims of negligence, breach of contract and fraud against Debtor in Multnomah County Circuit Court Case No. 15CV24878 filed on September 18, 2015 (the "Litigation").

During the litigation process, Luci has identified insurance policies insuring Debtor during its time working on the Property. Luci requests relief from the automatic stay to proceed with the Litigation to establish liability and pursue the non-fraud claims only with respect to any and all insurance insuring Debtor and its related entities.

## STIPULATION

The parties stipulate to the entry of an Order Granting Relief from the Automatic Stay allowing Luci Corporation to proceed with the Litigation in regards to the non-fraud claims only, liquidate these claim against the Debtor and recover its non-fraud claims from any and all insurance proceeds. Debtor does not stipulate to relief from the Automatic Stay in regards to the fraud claims originally alleged. The 14-day stay prescribed by Bankruptcy Rule 4001(a)(3) is waived.

IT IS SO STIPULATED:

DATED: February 25, 2016.　　　　　　　SLINDE NELSON STANFORD

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Colin G. Andries, OSB No. 051892
　　　　　　　　　　　　　　　　　　　　　　　　　colin@slindenelson.com

DATED: February 25, 2016.　　　　　　　Motschenbacher & Blattner, LLP

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　Troy G. Sexton, OSB No. 115484
　　　　　　　　　　　　　　　　　　　　　　　　　tsexton@portlaw.com

Page 2 -　STIPULATED MOTION FOR RELIEF FROM AUTOMATIC STAY (LUCI CORPORATION)